Whaley, Chief Justice,
delivered the opinion of the court:
This case comes to' the court on a demurrer to the petition. Stripped of its surplus verbiage and pleonastic *320 the petition alleges that plaintiff entered into a contract for the performance of carrying the mail on Route No. 449,001 at New Orleans, Louisiana, for the period July 1, 1938, to June 30, 1942. Attached to the petition is a blank form of contract, not filled in as to dates or amounts, but which is referred to by the plaintiff as “Exhibit A” to show the nature of the contract entered into. As plaintiff has used this form as his exhibit of the terms of the contract under which he was performing service, we will assume that this is the contract under which he operated.
It is alleged that the plaintiff was to carry the mail under certain prescribed conditions as to the nature of the vehicles to be used; to furnish the necessary vehicles and keep them in proper condition; to take the mails from and deliver them to the Post Office at New Orleans; that he was to furnish the necessary number of vehicles to perform these services; and it is further alleged that the plaintiff, by reason of the fact that in 1941 military maneuver’s were carried on in Louisiana for three months, was called upon to handle a great deal of mail in addition to the amount ordinarily to be handled under his contract agreement; that plaintiff was also required during the months of April, May, and June 1942, to handle increased amounts of mail; that by reason of this increased mail he was required to employ additional help, pay additional salaries; and that he had to expend several hundred dollars for extra wear and tear on his vehicles and for repairs, gasoline, and lubricating oil. In all, plaintiff claims that the extra expense to which he was put by reason of the increased mail, due to the maneuvers in and around his route, was over and .above that which he would ordinarily have had under his contract to the extent of $3,896.26.
The defendant has demurred to this petition on the ground that it does not state a cause of action. From an examination of the copy of the contract attached to the petition it appears that plaintiff agreed to carry all the mails in the city of New Orleans for the period from July. 1,' 1938, to June 30, 1942, for a fixed sum. The terms of the contract make no provision for additional compensation for an increase of mail during the contract period but it *321 specifically provides, on the contrary, that no additional compensation is to be paid.
Under the terms of the contract it is provided that plaintiff is
First. To carry said mail with celerity, certainty, and security, using therefor substantial regulation panel or screenbody motor vehicles, * * * in sufficient number and of sufficient capacity to transport the whole of said mail, whatever may be its size, weight, or increase during the term of this contract; * * *. "
Paragraph three of the contract required plaintiff to furnish the necessary number of trucks which in the opinion of the postmaster “will be sufficient for the prompt and proper performance of the service including extra trucks to take the place of those that may be temporarily unserviceable, delayed waiting for trains, withdrawn from service for repairs, or required for special or advanced trips.”
The tenth paragraph of the contract provides that the plaintiff shall perform “without additional compensation, any and all additional service that the Postmaster General may order during the contract term.”
There is only one provision for extra compensation in the contract and that is in the event the site of the Post "Office has been changed, and by reason of the change the distance to carry mail has increased more than a quarter of mile, but should the distance be less than one-quarter of a. mile no extra compensation is to be received.,
There is no allegation in the petition indicating that the distance the mail had to be carried was ever increased or that the site of the Post Office was changed.
Plaintiff made a claim to the Post Office Department for extra compensation on account of the increased mail. This claim was denied.
Under the terms of the contract plaintiff agreed to carry all the mail during its term without extra compensation, and, under the provisions of the contract, no extra compensation was to be paid.
This may appear to be a hard contract under the emergency situation, which may have arisen due to the increased *322 mail caused by tbe. influx of soldiers in the territory, nevertheless, under the terms of the contract, there is no provision for payment.
We are of the opinion that the petition does not state a cause of action and the demurrer is sustained. The petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.
Plaintiff’s motion for leave to file an amended petition having been allowed, and such amended petition having been filed and the case having been submitted on defendant’s demurrer to said amended petition, decision was rendered on December 6, 1943, in an opinion per euriam, as follows:
This case comes to the court for a second time. The defendant interposed a demurrer to the original petition and the court sustained the demurrer for the reason that, admitting all the allegatins as true, it appeared that no violation of the contract, on which plaintiff sued, had been made by the defendant.
Plaintiff has filed an amended petition and the defendant has again filed a demurrer.
The amended petition adds no new matter and simply sets up the same contract. The suggestion is made that because the court used the expression in its opinion that under the extraordinary circumstances the contract “may appear to-be a hard contract,” the court should make a liberal interpretation of the contract’s terms and conditions instead of a construction according to its actual plain terms and conditions.
Courts are required to construe contracts legally and in accordance with their plain meaning and not according to what the Judges think should have been incorporated in the contracts.
The parties to the contract agreed to its terms and conditions. The judicial branch of the Government cannot read *323 into a contract terms which may morally be justified when the conditions have changed from those which existed when the contract was executed. Congress alone can grant relief under such circumstances.
The amended petition fails to state a cause of action. The demurrer is sustained. The petition is dismissed.
It is so ordered.